IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **ARLESS LYNN DALTON, JR.,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:14CV00635 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **NEW RIVER VALLEY REGIONAL JAIL,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Arless Lynn Dalton, Jr., Pro Se Plaintiff.*

Plaintiff Arless Lynn Dalton, Jr., proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that jail officials deducted $9.95 from his inmate trust account for a commissary order that was accidently sent to another inmate with a similar name. Upon review of the record, I find that while Dalton has fulfilled these prefiling conditions, his lawsuit must be summarily dismissed.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988).

The only entity that Dalton names as a defendant is the jail itself. The jail, however, is not a "person" subject to suit under § 1983. *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 893-94 (E.D. Va. 1992) (finding jail immune from suit and not a person for purposes of § 1983). Therefore, I will summarily dismiss this action without prejudice, pursuant to § 1915A(b)(1), as legally frivolous.[1]

A separate Final Order will be entered herewith.

DATED: January 12, 2015

/s/ James P. Jones
United States District Judge

---

[1] Even assuming that the plaintiff could prove that a particular jail official negligently delivered his items to another inmate, mere negligence by state officials does not support a claim of constitutional significance, as required to proceed under § 1983. *See, e.g., Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) ("[T]he Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold" of constitutional protections). Accordingly, the present action is frivolous on its merits.